UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BANK OF AMERICA, N.A.
    Plaintiff,

vs.

DEMETRIOUS Y. SMITH, et al.,
    Defendants.

Case No. 1:13-cv-598

Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Demetrious Smith, a resident of Cincinnati, Ohio, has filed a *pro se* notice of removal to the United States District Court of a foreclosure action filed by the plaintiff in the Hamilton County Court of Common Pleas. By separate Order issued this date, Mr. Smith has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the defendants' notice, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

In this action, Mr. Smith seeks to remove the Hamilton County Common Pleas Court case (Case No. A1206648) to this Court, asserting as the bases for removal that this Court has diversity and "federal question" jurisdiction over the foreclosure matter. (Doc. 1, "Notice of Removal"). Although Mr. Smith has not attached the complete record of the underlying state-court proceedings to the removal petition, the Court "may take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v.*

1

*Firstar,* 529 F.Supp.2d 836, 838 n.1 (S.D. Ohio 2007).[1] It appears from the on-line docket records maintained by the Hamilton County Clerk of Courts that the plaintiff filed the complaint in foreclosure against Mr. Smith, Amy Smith and American General Financial Services, Inc., on August 21, 2012. On September 7, 2012, the Smiths filed a motion to dismiss the complaint. On July 19, 2013, the plaintiff filed motions for default judgment against American General Financial Services, Inc., and for leave to file a summary judgment motion in response to the Smiths' answer. On July 23, 2013, the state court granted the plaintiff leave to file the summary judgment motion, which had been submitted on July 19, 2013. On August 15, 2013, the Smiths filed a pleading with the state court entitled "'Notice of Removal' and Motion in Opposition to Default Judgment and Motion in Opposition to Summary Judg[]ment and Defendant Demetrious Smith's Amended Answer with Counterclaims[] and 'Motion for Quiet Title.'" On August 20, 2013, the plaintiff filed a motion to strike the Smiths' pleading and a reply in support of its summary judgment motion. On August 20, 2013, the state-court magistrate denied the Smiths' motion to dismiss on the ground that the "movants ha[d] failed to appear before the Court twice on the matter." Three days later, on August 23, 2013, the magistrate issued a final decision granting the plaintiff's motion to strike "Defendants' Notice of Removal, Motion in Opposition to Default Judgment, Amended Answer and Counterclaims and Motion for Quiet Title," granting plaintiff's motion for summary judgment, and finding the defendant American General Financial Services, Inc., "in default of Answer or other pleading and . . . forever barred from asserting any right, title or interest in the described premises." The magistrate also entered judgment in favor

---

[1] The docket report can be found at the following link:
http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=A1206648.

of the plaintiff against Demetrious Smith in the "amount of $92,629.74, plus interest thereon at the rate of 6.8750 percent per annum from September 1, 2008, together with advances for taxes, insurance and otherwise permitted, late charges and costs."

On August 26, 2013, Demetrious Smith commenced the instant removal action by filing with this Court essentially the same pleading that he and Amy Smith had filed with the Hamilton County Common Pleas Court on August 15, 2013.

Removal is improper for several reasons. As an initial matter, only one of the named defendants in the state-court case has signed the pleading seeking removal of the action to this Court. Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Because neither Amy Smith nor an officer of the corporate defendant have joined in or consented to the removal of the action, Mr. Smith's application is deficient. In any event, it appears that the removal petition is time-barred at this late juncture, given that the state-court proceedings commenced over a year before Mr. Smith initiated the instant action. *See* 28 U.S.C. § 1446(b)-(c).

Finally, this Court lacks jurisdiction under the removal statutes to consider the state foreclosure matter.

Mr. Smith has contended that this Court has diversity jurisdiction under 28 U.S.C. § 1332. However, removal based on diversity of citizenship is proper only where the *defendant* is not a citizen of the forum state. The removal statute expressly limits removal of actions premised on diversity jurisdiction to cases where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §

3

1441(b)(2). Thus, as the Sixth Circuit previously held in another case filed by Demetrious and Amy Smith seeking removal of a state foreclosure action, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *see also Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Mr. Smith is a citizen of the State of Ohio, where the state-court action was brought. Therefore, removal is barred under 28 U.S.C. § 1441(b), and this Court lacks subject matter jurisdiction on the basis of any diversity of citizenship between the parties to hear this case. *Cf. Smith*, 507 F.3d at 913 (holding that "[t]here was no objectively reasonable basis to conclude that diversity jurisdiction was appropriate because the Smiths were citizens of the state where the state court action was filed"—*i.e.*, Ohio); *see also CitiMortgage, Inc. v. Kraetzner*, Civil No. 12-1524 (JRT/TNL), 2013 WL 64614, at *2 (D. Minn. Jan. 4, 2013) (citing *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005)) (holding that a breach of the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2) "completely divests a district court of its subject matter jurisdiction").

Mr. Smith has also contended that removal is proper because the Court has "federal question" jurisdiction over the state foreclosure action. However, as the Sixth Circuit pointed out in affirming the award of attorney fees and costs to the plaintiff in a prior foreclosure case found to have been improperly removed by the Smiths to the federal court, the plaintiff's "foreclosure action relied exclusively upon state law and could not reasonably be construed as supporting federal question jurisdiction." *See Smith*, 507 F.3d at 913. As the Sixth Circuit explained in the prior case, "[f]ederal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the plaintiff's properly pleaded complaint.'" *Id.*

4

(quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, as in the prior case, the plaintiff's foreclosure action was based solely on state law and did not require the resolution of any "actually disputed and substantial" federal issue. *See id.* at 914 (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). To the extent that Mr. Smith may argue that he sought to raise federal issues in the August 15, 2013 pleading that was stricken from the record by the state magistrate judge, such a contention is without merit. As the Sixth Circuit also explained in rejecting a similar argument asserted by the Smiths in the prior case, the availability to the defendants of federal counterclaims or defenses that are not part of the plaintiff's complaint is "inadequate to confer federal jurisdiction." *Id.* at 914-15 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)).

Accordingly, in sum, the Court lacks subject matter jurisdiction over this case. Therefore, Mr. Smith's petition for removal should be denied, this matter should be dismissed from the docket of the Court, and the case should be remanded to the state court.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition for removal of a state court action to this federal court be **DENIED**.

2. This matter be **DISMISSED** from the docket of this Court and **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Mr. Smith leave to appeal *in forma pauperis*. Mr. Smith remains free, however, to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v.*

*Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 9/9/13

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br>Plaintiff, | Case No. 1:13-cv-598 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| DEMETRIOUS Y. SMITH, et al.,<br>Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

cbc